Mr. W. Scott Wynn Attorney for the City of Minneola Post Office Box 447 Groveland, Florida 32736
Dear Mr. Wynn:
You have asked substantially the following questions:
 1. May properties with different physical addresses or locations, but owned by one property owner, be aggregated into one action for a code violation pursuant to Ch. 162, F.S., by the code enforcement board?
 2. If property is held jointly by two or more persons, should notification and service required by ss. 162.06 and 162.12, F.S., be achieved as to all persons owning an interest in such property?
In sum, I am of the following opinion:
 1. Chapter 162, F.S., appears to contemplate that each code violation will be treated as a separate cause of action to be considered by a local government code enforcement board and does not authorize a municipality to consolidate all properties with violations owned by one person into a single action.
 2. Chapter 162, F.S., requires notice to be given to the violator of a code provision. In the absence of any legislative or judicial direction otherwise, this office cannot conclude that written notice of a violation should be given to all persons owning an interest in property upon which a violation has occurred.
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act," allows counties and municipalities to create quasi-judicial administrative boards as provided in Ch. 162, F.S., to enforce, "the codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist, including, but not limited to, occupational license, fire, building, zoning, and sign codes."[1] The "Local Government Code Enforcement Boards Act" gives the governing bodies of local governments the option of creating or abolishing by ordinance such boards having the powers and duties provided by the act. However, if a local governmental body creates a code enforcement board pursuant to Ch. 162, F.S., the governing body has no authority to enforce its codes in any manner other than as provided in that chapter.[2]
QUESTION ONE
Section 162.06, F.S., authorizes the code inspector for a local government to initiate enforcement proceedings of the various codes covered by Ch. 162, F.S. "[I]f a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation."[3] (e.s.) In the event the violation continues beyond the specified time for correction, the inspector must notify the code enforcement board and request a hearing.
Upon the request of the inspector, the chairman of the code enforcement board may call a hearing of the board. After the hearing, the board "shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with powers granted [in Ch. 162, F.S.]. . . ."[4]
Section 162.09, F.S., in pertinent part, provides:
 (1) An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated, and a hearing shall not be necessary for issuance of the order.
* * *
 (3) A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. . . . (e.s.)
The language used in Ch. 162, F.S., indicates that a singular violation triggers the enforcement mechanism provided therein. Furthermore, in the event a violation remains uncorrected, the administrative fine and lien which may be imposed reflect a relationship between the violation and the particular property upon which the violation has occurred. In the absence of any judicial or legislative direction otherwise, therefore, it is my opinion that only one property may be the subject of a citation for a code violation and a subsequent hearing and disposition by a code enforcement board.
QUESTION TWO
Section 162.06(2), F.S., provides, in pertinent part, "if a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation." (e.s.) Furthermore, s. 162.12(1), F.S., states that "[a]ll notices required by this act shall be provided to the alleged violator by certified mail . . . or by leaving the notice at the violator's usual place of residence. . . . (e.s.)
The notice of violation provisions in Ch. 162, F.S., require only that the "violator" be notified. Chapter 162, F.S., does not define "violator" for purposes of the act, nor does the use of the term limit its application to an owner or owners of a property upon which a violation occurs.
I have not found, nor have you directed my attention to, any legislative or judicial interpretation of Ch. 162, F.S., requiring the owner or owners of a property in violation of a code to be notified of the violation if such person(s) is/are not the "violator" for purposes of the act. In the absence of any such direction, it is my opinion notice required to be given to the "violator" of a code requires notification to all owners of property owned by more than one person.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 162.02, F.S.
[2] See, AGO 86-10 in which this office concluded that a local government or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its codes in any manner other than as provided in that chapter, and derive no home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure. See also, AGO's 85-33 and 84-55.
[3] Section 162.06(2), F.S.
[4] Section 162.07(4), F.S.